CHARLES M. SPURLOCK, Surveyor and Ex-Officio Highway Engineer, Appellant, v. S. G. WALLACE, et al., County Judges of Douglas County, Missouri, Respondents.

Springfield Court of Appeals, February 28, 1920.

1. **HIGHWAYS:** Where County Abolishes the Office of County Engineer, Warrants May be Issued to Road Supervisors Without Approval by Ex-officio Engineer. Under Revised Statutes 1909, sections 10558, 10571, 10572, where a county votes not to have a county highway engineer, the duties of such office are abolished,

and the county court may order warrants drawn to road over-seers without having them approved by the county surveyor act-ing as *ex-officio* engineer.

2. **STATUTES: General Purpose or Intent Controls Construction.** The cardinal purpose or intent of a whole act controls its construc-tion, and words and clauses in different parts of the statute must be read in a sense which harmonizes with the subject-matter and general purpose.

Appeal from Circuit Court of Douglas County.—*Hon. Fred Stewart,* Judge.

AFFIRMED.

*A. C. Kice* for appellant.

*J. S. Clarke* for respondents.

FARRINGTON, J.—This cause was begun in the circuit court of Douglas county by plaintiff filing a peti-tion for an injunction to restrain the judges of the county court from auditing and issuing warrants to various road-overseers within Douglas county for services on roads, building of bridges and culverts, which work had been done without any examination by the appellant as Ex-officio County Highway Engineer. The trial court dismissed the bill and the appellant prosecutes his ap-peal in this court.

As presented here, the whole question to be deter-mined depends upon the proper construction to be given sections 10571 and 10572, Revised Statutes 1909. Appel-lant claims that under the latter section he, as County Surveyor, is *Ex-officio* County Highway Engineer, and that as such officer there are certain duties pertaining to the working, repairing, improvement and maintenance of roads and highways, building of bridges and culverts, etc., which he is required to perform by virtue of his office and this statute, and that he must perform these duties without being ordered by the county court to do so; and that under and by virtue of certain statutes it

is his duty to inspect and report certain work on the roads, bridges, culverts, etc. It is alleged that the county court is ordering and issuing warrants to road-overseers for such work without any report being made by the appellant in relation thereto. It is also shown that acting under sections 10571 and 10572, Revised Statutes 1909, the people of Douglas county, at a duly called election voted against the proposition of having a County Highway Engineer. The appellant, therefore, claims that under these circumstances, by virtue of section 10572, he as County Surveyor is also *Ex-officio* County Highway Engineer, and as such must perform the duties therein enumerated, and that the county court is without authority of law to issue and pay warrants to the road-overseers until the appellant as such highway officer has inspected the work and reported thereon. It appears that the county court fixed the amount that the *Ex-officio* Highway Engineer was to receive, it being $5 per day when actually engaged as such engineer by the court, and out of which he shall furnish his own conveyance and pay his own expenses while engaged as such engineer; and the order further provides that he shall work under the direction of the county court.

To get appellant's issue more narrowly stated, he claims that by virtue of his office as *Ex-officio* Engineer, the county court shall not draw warrants to road-overseers until the claims therefor shall have been examined and approved by him, as provided under section 10558, Revised Statutes 1909.

The real issue in the case comes up on the question of the employment of the appellant and the right he has to draw the emoluments of the office; the county court contending that he has no duty to perform until they order him to perform it, and that he shall then receive the amount which has been provided by them in the order made; the appellant contending that he has certain duties to perform for which he would be entitled to compensation regardless of an order or request of the county court for him to act.

Section 10572, Revised Statutes 1909, is somewhat ambiguous, as it provides for an *Ex-officio* County High way Engineer and defines certain duties as therein speci ally set out ''or as may be ordered by the appellate court. Reading this section by itself, it would appear that there is some reason for appellant's contention, but when the whole section is read in connection with other sections relating to roads, and highways, we are inclined to the construction placed upon the law by the trial judge. It appears that the road, highway and bridge laws were amended in 1909, practically setting up a new system, running through which were certain duties provided for a county highway engineer. It was provided, however, in section 10571 that if a majority of those voting on the proposition at such election voted against the county high way act, then this article and the provision of the law re lating to the appointment and *duties* (italics ours) of a county highway engineer shall not be enforced in such county. Douglas county had voted against the highway engineer act, therefore any duties of a county highway engineer were dispensed with. In section 10572, Revised Statutes 1909, it is provided that all matters relating to roads and highways, and the expenditure of public funds thereon shall be governed by the laws then in force in such counties except that part of the law pertaining to the *appointment* (italics ours) of the county highway engi neer. The latter part of this section also throws light, as it provides that the county court may empower the county highway engineer or county surveyor to employ such assistance as may be deemed necessary ''*to carry out the court's orders*'' (italics ours).

The first road and highway law of Missouri that we find, governing counties such as Douglas, for a county highway engineer, appears in Session Acts of 1907, page 401. Under this act there was no election given to the people to determine for themselves whether there would be a county highway engineer. This law was amended in the 1909 act, which did give the people of the county the right to determine for themselves whether such an

officer was desired. The Law of 1907 provided that the compensation for a highway engineer would be not less than $300, nor more than $2000, per year, while the Amendment of 1909, under section 10572, permits the county court to make a *per diem* charge.

If the contention made by appellant should be upheld, then we must necessarily hold that to vote under section 10571, and to thereunder abolish the highway engineer act, meant simply a change of the manner and amount of compensation to be paid to the party acting as highway engineer, as the appellant is contending that he is duty bound to perform exactly the same service that the highway engineer would have performed even though the people have voted out this law. We cannot lend sanction to this narrow construction, as it would appear that the purpose of sections 10571 and 10572, Revised Statutes 1909, was to permit the people of a county to abolish the office of highway engineer yet to leave it possible for the surveyor to perform the duties that the highway engineer would have performed had the law not been voted out, provided he acted under the orders and direction of the county court. The general intent of section 10571 was to permit the people of a county to vote out a highway engineer and to abolish the duties of such engineer, and that more was intended by said section than to merely give them the right to change the form and amount of compensation.

In construing statutes, it has been held that the purpose is an implied limitation on the sense of general terms, and a touchstone for the expansion of narrower terms, and that the cardinal purpose or intent of a whole act shall control, and that all the parts be interpreted as subsidiary and harmonious. Words and clauses in different parts of a statute must be read in a sense which harmonizes with the subject-matter and general purpose of the statute. [2 Lewis' Sutherland Statutory Construction (2 Ed.), sections 369 and 370.]

The duties required of a highway engineer by section 10558, Revised Statutes 1909, are by the very terms of

Rollins v. Business Men's Acc. Assn. of Am.

section 10571, when the people have voted against the highway engineer act, abolished, and the county court may, under section 10481, Revised Statutes 1909, order warrants drawn to road-overseers. The provision in the last section, that the construction of bridges and culverts shall be under the direction and supervision of the county highway engineer, is by the terms of section 10571 dispensed with when the people vote against the act. We must, therefore, hold that the trial court correctly dismissed the appellant's bill. The judgment is affirmed.

*Sturgis, P. J.*, and *Bradley, J.*, concur.